I entirely agree with the majority's resolution of the issues it denominates as issues 1 through 5. I disagree, though, with its resolution of issue 6 and, in particular, its determination that the dismissal of count III is "without prejudice to the State's refiling the information." Majority at 21-22. I, therefore, partially dissent. The reason I disagree with the majority's resolution of that issue is because it is not properly before us and has not been adequately addressed by the parties. In my view, we should not now decide if the State is barred by a statute of limitation from charging Thompson under former RCW 9A.44.070 with first-degree statutory rape. Should the State choose to charge Thompson with that offense and should Thompson raise a statute of limitation defense, a trial court judge would have to decide the issue. In that event, this court or the Court of Appeals might have to review the trial court's decision. Whether or not all of those things will happen is purely speculative. We should, therefore, resist the temptation to render an advisory opinion which has the effect of putting this court's imprimatur on a charge that has not and may never be leveled, much less passed on by any court.
 JOHNSON and SANDERS, JJ., concur with ALEXANDER, J. *Page 731